IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOHN HARVEY                                                                PLAINTIFF

V.                                              CAUSE NO. 2:11-CV-00194-NBB-SAA

CAESARS ENTERTAINMENT OPERATING
COMPANY, INC.; CAESARS ENTERTAINMENT
CORPORATION; HARRAH'S TUNICA
CORPORATION; ROBINSON PROPERTY GROUP
CORP. d/b/a HORSESHOE TUNICA; HORSESHOE
GAMING HOLDING, LLC; HORSESHOE GP, LLC;
HORSESHOE SHREVEPORT, LLC; HARRAH'S
NEW ORLEANS MANAGEMENT COMPANY;
HARRAH'S BOSSIER CITY MANAGEMENT COMPANY,
LLC; HARRAH'S BOSSIER CITY INVESTMENT
COMPANY, L.L.C.; HARRAH'S SHREVEPORT/BOSSIER
CITY INVESTMENT COMPANY, LLC; HARRAH'S
SHREVEPORT/BOSSIER CITY HOLDING
COMPANY, LLC; JAZZ CASINO COMPANY, L.L.C. d/b/a
HARRAH'S NEW ORLEANS; HORSESHOE
ENTERTAINMENT, LP d/b/a HORSESHOE BOSSIER CITY;
JOHN DOES (1-5); and ABC CORPORATIONS (A-E)          DEFENDANTS

## PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY

COMES NOW, the Plaintiff, John Harvey, by and through counsel and pursuant to

Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby propounds this, his First

Set of Written Discovery to the Defendants, as follows, to-wit:

## INTERROGATORIES

**INTERROGATORY NO. 1:**      Please state the full name, address, phone number,

date of birth, and employer of all witnesses which you intend to call at the trial of this case,

and include a brief summary of each witnesses' expected testimony.

**INTERROGATORY NO. 2:**      Please provide all information as required by Rule

26 of the *Federal Rules of Civil Procedure* on any expert witness that you plan to call to

1



testify at the trial of this case.

**INTERROGATORY NO. 3:** Please itemize by date and amount all gambling wins and losses of Plaintiff at any casino owned by Defendants in 2010 and 2011, and list all free amenities provided to Plaintiff such as lodging, meals, alcoholic beverages, airfare or reimbursement of cost of airfare, attendants, transportation or other free amenities during this time period.

**INTERROGATORY NO. 4:** Regarding the events leading to Plaintiff's criminal prosecution for having written "worthless checks" by the New Orleans District Attorney's office, provide the name, address and employer of the persons that investigated whether Plaintiff committed a crime under Louisiana Code RS 14:71 and RS 16:15 and that participated in the decision to prosecute Plaintiff, state what investigation was done, and state when the investigation began and concluded, and when during this process any of the named Defendants or other Caesars' entities contacted and provided information to the District Attorney's offices in Bossier City and New Orleans, Louisiana, and requested the arrest of Plaintiff pursuant to Louisiana Code RS 14:71 and RS 16:15 *et seq.*, and please give the name, address, phone numbers, and employer of the persons who made such communications on behalf of Defendants. In doing so, please state the factual and legal basis and all reasons for making such communications on behalf of any Defendants, and please specify all witnesses, documents, and other evidence that you contend supports your position that Plaintiff violated Louisiana Code RS 14:71 and RS 16:15.

**INTERROGATORY NO. 5:** State the factual and legal basis for your decision to enter a contract to prosecute Plaintiff for a felony crime with the District Attorney's offices in New Orleans, Louisiana and Bossier City, Louisiana, rather than to simply sue

2

Plaintiff to collect a civil debt, and provide the name, address and employer of all persons who participated in making this decision, and state when and why the agreements to prosecute were entered.

**INTERROGATORY NO. 6:** From 2011 until the present, please state whether or not anyone on behalf of the named Defendants or other Caesars' entities made any contact with, provided any information to, or made any requests to the District Attorney's office of Tunica County, Mississippi, in regards to the arrest or criminal prosecution of Plaintiff pursuant to Mississippi "bad check laws", Miss. Code Ann. §§ 97-19-55 and 97-19-75, or contact otherwise related to the collection of gambling debt allegedly owed by Harvey to Robinson Property Group Corp. If so, please indicate the date and substance of each such communication and of the response by the District Attorney's office, state the name, address, phone numbers, and employer of the person(s) who made and received the subject communication, state the factual and legal basis for making such communications on behalf of Defendants, and explain why Plaintiff has not been prosecuted in Mississippi and why you chose to file a civil action to collect a civil debt against Plaintiff to collect the debt owed to Robinson Property Group, rather than criminal prosecution.

**INTERROGATORY NO. 7:** Identify and list all casino credit reporting entities and other national or regional credit bureau or rating agencies to whom you have reported an adverse credit or payment experience with Plaintiff, the dates of reporting, and the name, addresses and employer of each individual who participated in said reporting.

**INTERROGATORY NO. 8:** Provide the legal name, address, State of incorporation and principal place of business of all Caesars' entities to which Plaintiff is currently indebted for gambling debt incurred in Mississippi and Louisiana, provide the

3

same information for all entities that were the employers of any individuals who participated in the decision to present casino markers for payment at Community Trust Bank in July 2011 and September 2011, or the decision to seek prosecution of Plaintiff for a crime.

**INTERROGATORY NO. 9:** State why Plaintiff was required to fill out a credit application to establish a line of credit with Defendants, state the individuals and entities who reviewed Plaintiff's credit application for each casino at issue, and state who approved Plaintiff's line of credit and any subsequent increase thereto, including all Player's Agreements entered at each casino location (including Horseshoe Tunica, Horseshoe Bossier City, and Harrah's New Orleans), and state whether or not such approvals had to be done by a representative of Defendants, and list the names, addresses and employers of all individuals who approved increases in Plaintiff's line of credit and/or by Player's Agreement during 2010 and 2011.

**INTERROGATORY NO. 10:** For each of the three (3) debt obligations issued at the three (3) respective casinos at issue, explain why a "Players Agreement" is entered and must be signed and dated by the Plaintiff and signed, dated and approved by the Defendants' representatives in order to be validly executed and to validly increase Plaintiff's line of credit, and state whether Plaintiff was given a certain amount of time to pay any amounts borrowed on the line of credit, as reflected in the Player's Agreement and evidenced by extension of credit called "markers", and advise what the number of days Plaintiff was given to repay extensions of credit reflected by the markers signed by Plaintiff at the three (3) casinos at issue. In doing so, please provide the factual and legal basis for your answer and describe documents which support your answer.

4

**INTERROGATORY NO. 11:**     In regards to each of the three (3) gambling debt obligations at issue, did each of the casino markers reflecting an extension of credit from Defendants to Harvey have to be signed by Harvey in order to be validly executed, prior to presentment of the marker for payment at the Community Trust Bank?  Please state why you presented an unsigned $50,000.00 casino marker from Horseshoe Tunica casino for payment in September 2011 to Community Trust Bank.

**INTERROGATORY NO. 12:**     In regards to each of the three (3) debt obligations reflected by casino markers at issue and the presentment of said markers, please state the name, address, phone numbers, employer, and job title of the persons who, on behalf of each of the three (3) respective casinos, were involved with making the decision to present the casino markers for payment at Community Trust Bank on July 7, 2011 for Harrah's New Orleans, on July 13, 2011 for Horseshoe Bossier City, and on September 14, 2011 for Horseshoe Tunica, and for each such presentment, please explain the reasons for your decision to present the casino markers on each particular date, state what, if any, prior notice of presentment or calling the loan due was given to Plaintiff, and describe all documents related to the decision to present the markers and fully describe any evidence of Plaintiff's "intent to defraud" Defendants either at the time the markers (loans) were signed or at the time of presentment.

**INTERROGATORY NO. 13:**     In regards to casino markers reflecting a debt obligation owed to a Caesars' casino by a casino patron, please state whether the amount of all monies loaned by execution of casino markers to a Caesars' casino is limited by the line of credit or "Player's Agreement", and list the names, addresses and employers of all individuals who participated in the decision to allow Plaintiff to exceed his line of credit as

5

referenced in the "Player's Agreement" and explain why Plaintiff was allowed to exceed his line of credit in borrowing money from Defendants in 2010 and 2011, listing all dates and amounts where Plaintiff was allowed to exceed his line of credit.

**INTERROGATORY NO. 14:**    Please state whether or not R. Scott Barber was acting as a representative of all or part of the Defendants or any other Caesars' entities to which Plaintiff owed gambling debt to your Louisiana and Mississippi casinos when Scott Barber entered the subject loan or payment agreement on August 11, 2011 with Plaintiff as referenced in the Third Amended Complaint, state the exact terms of the agreement, state whether this loan agreement was substituted in place of the terms of credit reflected in the casino markers, identify each person who was involved with or participated in the decision and/or approval to enter into the subject loan agreement, state why Defendants terminated the agreement and why Defendants did not write a letter to Community Trust Bank stating that the presentation of the markers was a mistake.

**INTERROGATORY NO. 15:**    State why you caused numerous letters to Plaintiff threatening criminal prosecution to Plaintiff if he did not pay gambling debt and provide the name, address and employer of all persons who participated in the decision to send these letters and state whether or not the letters were form letters routinely used by Defendants to collect gambling debts.

**INTERROGATORY NO. 16:**    If you contend that Plaintiff breached the subject loan agreement described in the Third Amended Complaint, please provide which terms and duties that Harvey allegedly breached, describe Harvey's actions giving rise to the alleged breach and how you discovered this breach, and state whether or not you told Plaintiff that if he gambled at any other casino the agreement would be terminated as a

6

term of the loan agreement and identify all witnesses to the agreement and termination of the agreement.

**INTERROGATORY NO. 17:** With regards to the phone calls and correspondence threatening criminal prosecution to collect a debt allegedly owed by Harvey, as is alleged in the Third Amended Complaint, please identify all persons (name, address, phone numbers, employer, job title and duties) involved with or participating in the decision and/or approval to request or commence such communications threatening criminal prosecution or who requested criminal prosecution by the District Attorney in New Orleans, the actions of such persons prior to, during and after the time period at issue with regard to the arrest and prosecution of Harvey, and state the legal authority and factual basis for Defendants' use of the threat of criminal prosecution to collect a civil debt against the Plaintiff.

**INTERROGATORY NO. 18:** With regards to the dismissal of criminal charges filed against Plaintiff in New Orleans, as is alleged in the Third Amended Complaint, please describe in complete detail the identity of all persons (name, address, phone numbers, employer, job title and duties) involved with or participating in the proposition, terms, final decision to dismiss criminal charges and/or approval of the dismissal of criminal charges against Plaintiff and Restitution Agreement on behalf of Defendants or other Caesars' entities and whether these individuals approved of the dismissal of criminal charges.

**INTERROGATORY NO. 19:** Please state the legal and factual basis for all defenses and, where applicable, counterclaims and damages asserted in your Answer and/or Motion to Dismiss, and please identify all witnesses (name, address, phone numbers, employer, and job title and duties), facts, opinions, oral or written statements,

7

and documents which you contend supports your position for each defense, denial or, where applicable, and damages claimed in your Answer, Counterclaim and/or Motions to Dismiss.

**INTERROGATORY NO. 20:**   In order for Plaintiff to determine the extent of each Defendant's involvement with the allegations of the Third Amended Complaint and ownership between Defendants, please describe your regular business activity and state what, if any, action or decision that any of your employees took with regard to Plaintiff or the allegations of the Third Amended Complaint.  Likewise, if you have knowledge that other entities owned in whole or part by Caesars took actions related to any allegations of the Third Amended Complaint, please describe those actions and state the correct legal name of the Caesars' entity involved.

**INTERROGATORY NO. 21:**   In order to further clarify each Defendant's involvement with the allegations of the Third Amended Complaint, please state the names (and include the address, phone number, principal place of business, and state of incorporation) of the business entities that own or operate each Defendant in the hereinabove-styled case; the casinos referred to in the Third Amended Complaint as Horseshoe Casino Tunica, Harrah's New Orleans, and Horseshoe Casino Bossier City; and any parent or subsidiary corporations, LLC's or other companies who were involved with or participated in the decision-making, review, investigation and/or approval process in regards to the allegations of the Third Amended Complaint, including, but not limited to, presenting casino markers for payment at the Community Trust Bank in Madison, Mississippi, entering into the loan or payment agreement with Plaintiff in August 2011, the termination of the loan or payment agreement in September 2011, raising or extending Plaintiff's line of credit, credit applications of Harvey, approving Player's Agreement of

8

Harvey, threatening Plaintiff with criminal prosecution for debt collection, entering into agreements to prosecute with the New Orleans and Bossier City District Attorney's offices, and filing Affidavits with the D.A.'s office to criminally prosecute Plaintiff, the decision to criminally prosecute Plaintiff, investigation of Plaintiff's "intent to defraud" Defendants at the time Plaintiff signed casino credit markers and the decision to dismiss the criminal prosecution of Plaintiff by the New Orleans District Attorney and entering into Restitution Agreements with Horseshoe Bossier City and Harrah's New Orleans.

**INTERROGATORY NO. 22:** Please identify any civil lawsuits or claims filed against any of the named Defendants, or any predecessor or successor in ownership interest, since 2003, which set forth allegations similar to the Third Amended Complaint, namely being those which alleged that you used the threat of criminal prosecution or actual criminal prosecution of anyone who owed you a gambling debt to collect a civil debt, or alleged that you breached a loan agreement for the repayment of casino markers, or alleged that you collected upon a loan or civil debt through extortion or the use of illegal means, or alleged an abuse of process/malicious prosecution/false arrest, defamation, or alleged that you violated one's civil rights, a State's or U.S. Constitution, and/or alleged violation of the RICO Act. If answered in the affirmative, for each civil action, please provide its jurisdiction, style and case number, filing date, name of all parties and name of each party's attorney, a complete description of the nature and subject matter of the case, the date and casino(s) where gambling debt was incurred, the allegations forming the basis of the claim(s), the current status of the case, and state how each case was resolved.

**INTERROGATORY NO. 23:** Please identify all criminal arrests, charges, indictments, or actions against an individual who owed a gambling debt to you and was

9

cited or charged with an alleged violation of any State's "bad check laws" since 2003, wherein you have entered into "contracts to prosecute" with the District Attorney's office or submitted "worthless check affidavits" against said individuals who allegedly failed to pay a debt or who issued an unpaid casino credit marker to any of the named Defendants or other Caesars' entities as the holder, bearer, payee, creditor, or beneficiary. If answered in the affirmative, for each arrest, charge, indictment, or action, please provide the date and jurisdiction in which it was brought or executed; the style and docket number; the name of the prosecuting office or attorney and the defense attorney; the name and address of each defendant or party against whom an arrest, charge, or indictment was brought against; the name of the holder, bearer, payee, creditor, or beneficiary to the subject debt or instrument; a complete description of the nature, subject matter, dates, place of occurrence, and allegations of the matter; the citation to the statute that was alleged to be in violation of; and the current status of the case and how it was resolved, including whether or not the arrest, charge, or indictment led to a conviction, plea, and/or restitution agreement, and state whether or not the gambling debt was paid.

**INTERROGATORY NO. 24:** Describe and identify the software and server used by all persons identified in Plaintiff and Defendants' Initial Disclosures in sending and receiving emails which in any way related to Plaintiff or the allegations of the Third Amended Complaint, and state the reason why a third party is needed to access and copy these and any other emails or electronically stored data in your computer system.

**INTERROGATORY NO. 25:** Please specify which, if any, decisions with regard to any allegations of the Third Amended Complaint were taken upon the advice of counsel.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce any and all documents, exhibits and/or other physical or demonstrative evidence which you may or will attempt to introduce or use for impeachment or otherwise introduce into evidence at the trial or any hearing in this case.

**REQUEST NO. 2:** Please produce a copy of any and all documents and/or tangible things referred to, described, identified, or relied upon by you or your representative in responding to any of the above and foregoing Interrogatories propounded herewith, or which relate in any way to any denial of the allegations of the Complaint or any affirmative defenses set forth in any Answer to the original Complaint or any Amended Complaint.

**REQUEST NO. 3:** Please produce any and all documents and/or any other items of evidence that substantiate or relate in any way to any claim, counterclaim, allegation or affirmative defenses in your Answer and/or Motion to Dismiss in this case, or which proves, disproves, supports or relates in any way to any allegation of the Third Amended Complaint or your Answers filed in this case.

**REQUEST NO. 4:** Produce all documents which you have in your possession which in any way relate to the criminal prosecution of Plaintiff by the New Orleans or Bossier City District Attorney's offices, including, but not limited to, investigation reports, correspondence and documents to and from the District Attorneys' offices, pleadings, statements, affidavits and agreements to prosecute.

**REQUEST NO. 5:** Produce a copy of any and all documents that any expert has reviewed and/or used in reaching any and all expert opinions in regards to the allegations of the Third Amended Complaint and correspondence with any expert, all drafts of expert reports and expert reports, and produce all notes, reports, diagrams, or other documents

generated by the expert which relate to his report or opinion, or given to the expert for review and all other documents required by Rule 26 of the F.R.C.P.

**REQUEST NO. 6:** If you conducted any investigation to determine whether Plaintiff committed any crime with regard to signing the subject markers to obtain loans from Defendants, including any "intent to defraud" Defendants, produce any and all documents which in any way relate to this investigation, including emails, correspondence, notes, or any other documents wherein this investigation was discussed or exchanged with others.

**REQUEST NO. 7:** Produce a certified current financial statement showing the net worth of each Defendant.

**REQUEST NO. 8:** With regard to the three (3) casinos where the subject gambling debt was incurred, provide copies of all policies, procedures, manuals or guidelines relating to when a customer should be sent letters threatening criminal prosecution and/or seizure of property to collect a gambling debt, when the casino should investigate to determine whether the customer has committed a crime, and when the casino should provide affidavits or otherwise contact the District Attorney to have the customer criminally prosecuted under any "bad or worthless check" statute.

**REQUEST NO. 9:** Please provide all documents and internal electronically-stored or machine-readable documents relating to or concerning the Plaintiff or events alleged in the Third Amended Complaint, in 2010 and 2011, including but not limited to emails, notes, reports, generated by or between all witnesses listed in Plaintiff's or Defendants' Initial and Supplemental Disclosures or by and between Defendants' employees or agents.

**REQUEST NO. 10:** Please provide all documents in your possession that

12

evidences the entities which own, manage, and/or has an ownership or management interest in the casinos referred in the Third Amended Complaint as Horseshoe Tunica, Harrah's New Orleans, and Horseshoe Bossier City. If these entities are owned in whole or in part by other entities, please provide the name, address and principal place of business of said ownership entities.

**REQUEST NO. 11:**     With regards to the three (3) casinos where Plaintiff incurred the gambling debt at issue, please produce all copies of all records, reports, policies, procedures, manuals, summaries, and other documents which in any way relate to: (a) the decision-making process or standards leading to the creation of a credit application, line of credit, Player's Agreement and casino marker; (b) the review and investigation process of a credit application and patron's credit history; and © the approval of the extension or increase of a casino patron's line of credit and Player's Agreement, and covering situations where credit limit was exceeded.

**REQUEST NO. 12:**     With regard to the three (3) casinos where Plaintiff obtained loans at issue, provide copies of all policy and procedure manuals or guidelines, records or reports which relate to the decision making process for how long a customer is given to pay back loans evidenced by casino markers, and covering when the casino markers should be presented to a customer's bank for payment, when notice to a customer of presentation of a casino marker is required, and when a casino should enter a payment or loan agreement for gambling debt, or when to terminate such agreement, with a customer.

**REQUEST NO. 13:**     Please produce full copies of any and all credit applications filled out by Plaintiff at each of the subject casinos referred in the Third Amended Complaint or any other Caesars owned casinos from 2009 until the present, and

13

provide all documents related to the credit applications, lines of credit, increase in lines of credit, Player's Agreements, documents referencing Plaintiff exceeding his line of credit, and issuance of manuals for the same time period.

**REQUEST NO. 14:** Produce copies of any all documents reflecting monies won or lost at any casino owned or operated by Defendants from 2009 through 2011.

**REQUEST NO. 15:** Produce copies of all emails, notes, committee minutes, meeting agenda and other documents which in any way relate to your decision to present casino markers, some signed and one unsigned by Plaintiff, to the Community Trust Bank for payment in July 2011 and September 2011.

**REQUEST NO. 16:** All documents that list, report, describe, summarize, analyze, discuss, comment on, or otherwise relate to marketing schemes, policies or provider manuals, promotions, advertisements, offers, and other efforts to increase the gambling of wealthy customers, including, but not limited to, the use of free and lavish lodging, free meals and beverages, reimbursement or providing airfare to customers, and the use of casino markers and continuous increase in credit lines, as is described in Paragraph 1 of the Third Amended Complaint, and produce all documents relating to the Defendants providing free lodging, food, airfare, transportation and other incentives to gamble to Plaintiff.

**REQUEST NO. 17:** Produce any documentation, including, but not limited to, memoranda, correspondence, e-mails, statements, investigation materials, notes, reports and recordings, whether made before, after or at the time of the matters discussed in the Third Amended Complaint, which were exchanged between any employee of Defendants and the District Attorney's offices in New Orleans, Bossier City or Tunica

14

relating to Plaintiff, including all documents sent to or received by the District Attorney, and all affidavits and agreements to prosecute Plaintiff.

**REQUEST NO. 18:**     Please provide any documentation of any kind or nature, including, without limitation, memoranda, correspondence, e-mails, statements, and recordings, which relates to Plaintiff's loan or payment agreement with Defendants, or any other Caesars' entity, any payments made by Plaintiff pursuant to the agreement, and Defendants' termination of this agreement.

**REQUEST NO. 19:**     Produce copies of all documents relating to credit reports that you have obtained on the Plaintiff from casino credit bureaus or national credit bureaus, and produce all documents relating to any adverse credit reporting sent to any casino credit bureau or national credit bureau that you have made relating to Plaintiff.

**REQUEST NO. 20:**     Produce the names, addresses and phone numbers of each customer who has owed you a gambling debt by signing casino markers and failed to pay, wherein you have threatened criminal prosecution under the "bad check laws" in Mississippi or Louisiana, and/or have requested any District Attorney's office in Mississippi or Louisiana to prosecute the customer, since 2003, and please also provide the criminal case number and style of case and state whether the debt was paid.

**REQUEST NO. 21:**     Since 2003, please provide copies of any civil complaints filed against you, wherein the Plaintiff has alleged that you wrongfully used the criminal process or criminal prosecution to collect a civil debt (a gambling debt unpaid) or otherwise utilized extortion under color or state law to collect a civil debt, and provide a copy of each complaint or style of the case, and a copy of any order or judgment resolving the case.

**REQUEST NO. 22:**     Produce any and all statements in recorded, written,

summarized, and/or transcribed form taken from any potential witness, any of Co-Defendants' agents and employees, anyone from the District Attorney's offices Louisiana and Mississippi, and documents prepared or exchanged between the District Attorneys' office and Defendants or any other document, or electronically stored information, which in any way concerns the questions of the Third Amended Complaint, including, but not limited to, the formation, terms, execution and termination of the loan or payment agreement at issue, the terms and duties under the loan agreement and the performance thereof, the increase and extension of Plaintiff's line of credit, the execution of and approval of any Player's Agreement with Plaintiff, the issuance or presentment of the casino markers, the letters and phone calls to Plaintiff threatening criminal prosecution, communication with any District Attorney's office to attempt to criminally prosecute Plaintiff or related to your investigation of whether Harvey committed a crime, the decision to criminally prosecute Plaintiff, investigations, the decision to dismiss criminal proceeding in New Orleans and enter into an Restitution Agreement.

**REQUEST NO. 23:** Produce a copy of all correspondence or communications by and between representatives, agents and employees of Co-Defendants (including, but not limited to, all potential witnesses identified in Plaintiff's and Defendants' Initial and Supplemental Disclosures) and by and between representatives, agents and employees of Co-Defendants and anyone else, whether hardcopy or electronically stored, which in any way relate to the Plaintiff and/or to the allegations of the Third Amended Complaint or your Answers, including, but not limited to, those related to Plaintiff's line of credit (such as the formation, execution, terms and termination of the loan or payment agreement at issue, the increase and extension of Plaintiff's line of credit and formation, execution and approval of

16

every "Player's Agreement" entered into by Defendants and Harvey at any Caesars owned casino in 2010 and 2011, and any communication with any casino credit reporting agency or national credit bureau about the foregoing), those related to the decision to and actual presentment of the subject casino markers to Community Trust Bank, and those related to threats of criminal prosecution and actual criminal prosecution (such as the letters and phone calls by you to Plaintiff threatening criminal prosecution if the gambling debt was not paid, any agreement to prosecute entered into with any District Attorney's office to prosecute Plaintiff, the decision to criminally prosecute Plaintiff and prior investigations to determine if Plaintiff had committed a crime, all documents and communication between Defendants and the Districts Attorney's offices, and the decision to dismiss prosecution in New Orleans and enter into an Restitution Agreement).

RESPECTFULLY SUBMITTED, this the 27th day of June, 2013.

JOHN HARVEY, PLAINTIFF

BY:      /s/ Ken R. Adcock
         KEN R. ADCOCK, MSB #1150

OF COUNSEL:

ADCOCK & MORRISON, PLLC
199 Charmant Drive, Suite 1
Post Office Box 3308
Ridgeland, Mississippi 39158
Telephone: (601) 898-9887
Facsimile: (601) 898-9860
ken@adcockandmorrison.com

17

## CERTIFICATE OF SERVICE

I, Ken R. Adcock, do hereby certify that I have this date electronically filed a Notice of Service of the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

J. Cal Mayo, Jr., Esquire
Pope S. Mallette, Esquire
Paul B. Watkins, Jr., Esquire
MAYO MALLETTE, PLLC
Post Office Box 1456
Oxford, Mississippi 38655
cmayo@mayomallette.com
pmallette@mayomallette.com
pwatkins@mayomallette.com

Wilson Minor, Esquire
Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
*Attorney for the State of Mississippi*

THIS, the 27th day of June, 2013.

                         /s/ Ken R. Adcock
                         Ken R. Adcock