IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHN HARVEY                                                                                           PLAINTIFF

V.                                                          CIVIL ACTION NO. 2:11-cv-194-NBB-SAA

CAESARS ENTERTAINMENT OPERATING,
COMPANY, INC., and
ROBINSON PROPERTY GROUP CORP. d/b/a
HORSESHOE TUNICA                                                                              DEFENDANTS

MEMORANDUM OPINION

Presently before the court are defendant and counter-claimant, Robinson Property Group Corp.'s ("RPG") motion for award of attorney fees, costs, and interest, and plaintiff John Harvey's ("Harvey") motion for entry of judgment or for interlocutory appeal. The motions are procedurally related and will be addressed jointly herein. Upon due consideration of the parties' motions and applicable precedent, the court finds: the defendant's motion for attorney fees should be denied without prejudice, the defendant's motion for costs should be granted, and the plaintiff's motion for entry of judgment or interlocutory appeal should be denied.

On September 24, 2014, this court entered an order granting summary judgment in favor of defendant RPG on all of plaintiff Harvey's claims and in favor of RPG on its counter-claim. The court further granted attorney fees to defendant RPG by applying a provision in the credit line application signed by Harvey which permits Horseshoe Tunica attorney fees and costs in the event of a collection dispute. RPG operates and does business as Horseshoe Tunica.

The attorney fees provision located at the bottom of the credit line application states: "[s]hould Harrah's, Horseshoe, or Tunica Roadhouse Casino commence legal action against me to collect any money I may owe, I will pay Harrah's, Horseshoe, or Tunica Roadhouse Casino's attorneys' fees and cost of collection. . . .  This agreement and subsequent credit transactions shall be considered according to Mississippi law."

Defendant and counter-claimant RPG filed its motion for attorney fees on October 15, 2014, wherein RPG requests attorneys' fees for all defendants in the action. The declaration of Tim Lambert, Vice-President and Chief Counsel of Caesars Entertainment Operating Company, Inc. ("CEOC"), provides the justification for why all attorney fees should be paid by the Horseshoe credit application clause:

> All attorney fees and other litigation expenses related to this matter have been initially processed by CEOC. After payment, all such fees and expenses have been allocated to Robinson. This allocation has been in place since the lawsuit was filed. As a result of this allocation, Robinson bore the full cost of this litigation. **The allocation of all costs to Robinson was and continues to be reasonable under the circumstances**. The lawsuit was filed in Mississippi, and Robinson's regular Mississippi outside counsel was assigned to litigate the case. Plaintiff John Harvey visited Robinson's Mississippi property more frequently than the other two casinos involved in this litigation, and Scott Barber, a Robinson employee, was Plaintiff's primary point of contact. Furthermore, at the time the lawsuit was filed, there were pending criminal investigations related to Plaintiff's returned markers at the Louisiana casinos. The Defendants had every reason to believe that the resolution of those criminal matters would resolve Plaintiff's claims with respect to the Louisiana properties. (emphasis added).

This court is not convinced by Mr. Lambert's reasoning as to why all defendant's attorney fees should be paid as a result of the Horseshoe credit application attorney fees clause. Mississippi law does not construe the fee clause so broadly. In Mississippi, attorney fees are not recoverable unless they are allowed by statutory authority, contractual authority, or when punitive damages are awarded. *A & F Properties, LLC v. Lake Caroline, Inc.*, 775 So. 2d 1276, 1282 (Miss. Ct. App. 2000). Thus, liabilities for attorney fees recoverable under a contractual provision are determined by interpreting the provision. *See id*., at 1282-83. When the words of the attorney fees provision are clear and explicit, the interpretation will be governed by an objective reading of its plain language. *Wal-Mart Stores, Inc. v. Qore, Inc*., 647 F.3d 237, 243 (5th Cir. 2011). The attorney fees clause presented in this case is unambiguous. The clause limits recoverable fees and costs to three entities, and only one is party to this suit, Horseshoe

(RPG). The provision states, "I [Harvey] will pay Horseshoe['s] attorneys' fees and costs. . . ." An objective reading of this provision could not reasonably find that unnamed defendants should be able to appropriate litigation fees through the party with which the attorneys' fees are applicable because those defendants considered it "reasonable under the circumstances" to do so. An attorney fee award based on a contract fee provision is limited to the fee incurred by the party to the contract who successfully proves or defends against claims that are specifically provided for by the attorney fee clause, as opposed to fees incurred by **other parties** who were not parties to the contract. *See Qore*, 647 F.3d at 244-46 (emphasis added). Regardless of the interwoven nature of the defendants in this cause, RPG, doing business as Horseshoe Tunica, is the only party to which attorney fees should be awarded.

Additionally, RPG's attorney fee recovery should not be limited to the claims in contract alone. RPG is entitled to an award of attorney fees for litigation expenses on all claims. Again, the attorney fee provision states, "I [Harvey] will pay [] Horseshoe['s] attorneys' fees and cost of collection." As the September 24, 2014, memorandum opinion noted, "no bona fide dispute ever existed on whether Horeshoe Tunica [RPG] was due the amount of the markers," as such, RPG's defense against tort claims in furtherance of recovery of the markers is a considerable cost of collection. RPG should not be prejudiced in collecting fees and costs for ancillary claims simply because plaintiff Harvey initiated suit for which RPG was required to defend to collect on the markers.

Defendant RPG also requests this court grant attorney fees for billing and costs related to its application for attorney fees. Precedent and the fee provision do not extend so far. In support of its request, RPG cites *Cruz v. Hauck*, to propose, "[i]t is settled that a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing

compensation." 762 F.2d 1230, 1233 (5th Cir. 1985). However, in the present case, it is not settled. RPG fails to note the fees awarded in *Cruz* were provided by the Civil Rights Attorney's Fees Awards Act, U.S.C.A. § 1988. The fees to be awarded here are based in contract. An explanation of Congress' legislative intent with respect to U.S.C.A. § 1988 attorney fee application awards is included in *Wal-Mart Stores, Inc. v. Qore, Inc.*, a case often cited by RPG. "Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms. The public as a whole has an interest in the vindication of rights conferred by the statutes enumerated in § 1988." *Qore*, 647 F.3d at 248 (internal citations and quotations omitted). *Qore's* holding is clear, "[§ 1988 attorney fee application recovery has] no application in [a] private claim for attorney's fees sounding in Mississippi contract law." *Id*. Attorney fees accumulated in pursuit of awarding attorney fees will not be granted in this case.

Currently, the fees and costs attached as exhibits to the defendant's motion are not partitioned in a way that would allow the court to determine which fees relate solely to RPG as a party, along with the costs and fees associated with the claims RPG defended against and countered. The award of attorney fees by a contractual provision must be based on specific proof regarding the proper measure of damages and fees. *A & F Properties*, 775 So. 2d at 1183-84. If the party seeking attorney fees fails to present competent evidence about the reasonableness of the amount, the award may be denied. *Qore*, 647 F.3d at 245. RPG's motion for attorney fees as presented must be denied as it is incapable of proper partition in accordance with *Wal-Mart Stores, Inc. v. Qore, Inc*. RPG may file an amended motion for attorney fees within fourteen (14) days of the publication of this memorandum and order.

Next, plaintiff Harvey and defendant RPG request clarification on the method of interest calculation the court used in its memorandum and order of September 24, 2014, regarding the 8 percent prejudgment interest granted to RPG from the date of the markers. In *In re Guardianship of Duckett*, the Supreme Court of Mississippi held, trial courts are granted "the discretion to award simple or compound prejudgment interest." 991 So. 2d 1165, 1183 (Miss. 2008). Herein, prejudgment interest of 8 percent will be compounded, in periods of years. Further, RPG's motion for bill of costs will be awarded at entry of final judgment.

Lastly, on December 9, 2014, plaintiff Harvey filed a motion for entry of judgment under FRCP Rule 54(b) or, alternatively, to grant permission to appeal an interlocutory order. Harvey argues an entry of final judgment under FRCP 54(b) is necessary to allow immediate appeal to prevent prejudice to the plaintiff because of the increasing "8% monthly interest payments on the $850,000.00 judgment." Harvey requests "entry of final judgment as to one or more, but fewer than all claims . . . only if the court determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). However, considering the "judicial administrative interests" involved, and the "historic federal policy against piecemeal appeals" this court declines to enter partial judgment under FRCP 54(b) or to grant interlocutory appeal. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The cost in delay will be minimal. The interest payments concerning plaintiff Harvey are to be compounded in periods of years, not months. As plaintiff states, the attorney fee and cost request is complex and extensive. A bifurcated appellate process would only serve to further complicate and protract appellate litigation in this matter. Therefore, this court declines to enter final judgment under FRCP 54(b) or grant interlocutory appeal.

<u>Conclusion</u>

Based on the foregoing reasons, the court finds that defendant Robinson Property Group's motion for award of interest, attorney fees and costs of collection is not well taken and should be denied without prejudice. Defendant Robinson Property Group will have fourteen (14) days from the filing of this order and memorandum within which to re-file its attorney fees motion in accordance with this memorandum. Also pending before this court is plaintiff John Harvey's motion for final judgment or, alternatively, to grant permission to appeal an interlocutory order, which is also not well taken and should be denied. A separate order in accord with this opinion shall issue this day.

This, the 30th day of September, 2015.

<u>/s/ Neal Biggers</u>
NEAL B. BIGGERS, JR.
SENIOR U. S. DISTRICT JUDGE