IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOHN HARVEY                                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 2:11-CV-00194-NBB-RP

CAESARS ENTERTAINMENT
OPERATING COMPANY, INC., et al.                                                    DEFENDANTS

ORDER

This cause comes before the court upon the plaintiff's motion to compel enforcement of settlement and for sanctions. Upon due consideration of the motion, response and applicable authority, the court finds as follows:

On September 24, 2014, the court entered an order granting summary judgment in favor of the defendants on all of the plaintiff's claims and in favor of Robinson Property Group ("RPG") on its counter-claim. As the court had disposed of all claims, the case was immediately closed. The only matter remaining for the court to decide was that of RPG's motion for attorney fees which has since been resolved.

The plaintiff now moves to compel enforcement of settlement. Specifically, the plaintiff contends that the parties reached an agreement to settle his claims in August of 2017, three years after this court found the plaintiff's claims to be without merit and dismissed them accordingly. In other words, the plaintiff asks the court to enforce a settlement of claims that no longer existed at the time the purported settlement agreement was reached.

Once a court renders its final decision, it "disassociates itself from [the] case." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995). Thus, when a case has been dismissed with prejudice and closed, as here, the court is without jurisdiction to entertain post-dismissal motions, except for certain collateral matters like attorney fees applications, *unless* the court has

expressly retained jurisdiction for other purposes. *Hendrickson v. United States*, 791 F.3d 354, 360 (2d Cir. 2015); *see also Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994); *SmallbizPros, Inc. v. MacDonald*, 618 F.3d 458 (5th Cir. 2010).

Simple logic dictates that a court cannot enforce a settlement of claims which it has previously found to be without merit and dismissed. Moreover, the plaintiff has failed to cite any authority in which a settlement agreement were enforced where the underlying facts were similar to those presented here. For these reasons, the court finds that the plaintiff's motion is not well-taken and is, therefore, **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 13th day of March, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**