IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOHN HARVEY                                                                                           PLAINTIFF

V.                                                                         CIVIL ACTION NO. 2:11-CV-00194-NBB-RP

CAESARS ENTERTAINMENT
OPERATING COMPANY, INC., et al.                                                              DEFENDANTS

## ORDER

This cause comes before the court upon Plaintiff John Harvey's motion to alter or amend the court's final judgment. Upon due consideration of the motion, response and applicable authority, the court finds as follows:

On September 24, 2014, the court entered an order and accompanying memorandum opinion in which it granted summary judgment in favor of Defendants on all of Harvey's claims and in favor of Robinson Property Group ("RPG") on its counter-claim. As the court had disposed of all claims, the case was immediately closed. The only matter left for the court to consider was RPG's motion for attorney fees.

Once the attorney fees issue was resolved, Defendants moved for entry of a final monetary judgment. Harvey responded in opposition arguing that he had claims still pending against certain defendants. A careful review of the record proved Harvey's assertion to be inaccurate. Thus, the court granted Defendants' motion and entered final judgment accordingly. More than three years after his claims were dismissed, Harvey now moves under Rule 59(e) to alter or amend the court's final judgment.

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Such relief is warranted only upon one of four grounds: "(1) new evidence has become available; (2) it

is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law." *Johnson v. Buentello*, 2010 WL 727752, at *1 (N.D. Tex. Mar. 2, 2010) (citing *In re Benjamin Moor & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). "A party may not use a Rule 59(e) motion to relitigate issues that 'should have been urged earlier or that simply may have been resolved to the movant's dissatisfaction.'" *Id.* (quoting *Peterson v. Cigna Group. Ins.*, 2002 WL 1268404, at *2 (E.D. La. Jun. 5, 2002)).

Although Harvey has styled his motion as one to alter or amend the court's final judgment entered on March 13, 2018, the court finds that such framing is not a true characterization of the relief he seeks. This is evident by Harvey's repeated assertions that the court erred in finding no genuine issue of material fact and no legal basis for his claims and his continuous reference to the summary judgment standard. The true nature of Harvey's motion is further demonstrated by his prayer for relief in which he asks the court to reverse its order and deny Defendants' motions for summary judgment.

Consequently, the court finds that Harvey's motion is really one for reconsideration of its order and opinion granting Defendants' motions for summary judgment entered on September 24, 2014. Harvey did not file the instant motion until April 2, 2018. Motions for relief under Rule 59(e) must be filed within twenty-eight days from the date of entry. Thus, Harvey's motion is untimely. Harvey could have moved for the relief he now seeks years ago but failed to do so. The court is not inclined to permit Harvey to circumvent the Rules in such a blatant manner.

Even assuming, *arguendo*, that the instant motion was timely, the court finds it to be without merit. In moving to reconsider, Harvey first asserts that the court erroneously struck and failed to consider his response and corresponding evidence in opposition to Defendants' motions

2

for summary judgment. While the court did strike his response—due to Harvey's attempt to circumvent to the Local Rules' page limit on memorandum briefs—it did not strike any evidence. Rather, the court considered and relied upon that evidence in deciding the motions for summary judgment. Harvey additionally argues that the court erred in applying certain state law in addressing his claims. In opposing summary judgment, Harvey did not argue that any one state's law should apply, nor did he identify any conflict between the relevant states' laws. Not only are Harvey's arguments without merit, they do not satisfy the above-articulated standard for reconsideration. Instead, Harvey merely attempts to relitigate issues which "should have been urged earlier or that simply may have been resolved to the movant's dissatisfaction."

For the foregoing reasons, the court finds that Harvey's motion to alter or amend the court's final judgment is not well-taken and is, therefore, **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 18th day of June, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**